### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge: Hon. |
| | ) | |
| SUBURBAN PRESS, INC., | ) | Magistrate Judge |
| an Illinois corporation   and | ) | |
| | ) | |
| GARY McGRATH | ) | |
| | ) | |
| Defendants | ) | |

### COMPLAINT

NOW COMES the Plaintiff, Michael Chatman ("Chatman") by and through his
attorneys, Boznos Law Office, and pursuant to the Fair Labor Standards Act, ("FLSA") 29
U.S.C. § 201 *et seq*., the Illinois Minimum Wage Law, ("IMWL"), 820 ILCS § 105/1 *et seq*., and
the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS § 115/1 *et seq*., complains
against Suburban Press, Inc., an Illinois corporation ("Suburban Press") and Gary McGrath
("McGrath") (collectively, "Defendants"), and states:

### Introduction

1. Overtime and minimum wages are governed by the FLSA and the IMWL.

2. Payment of an employee's final compensation is governed by the IWPCA.

3. This action seeks redress for Defendants' failure to pay the Plaintiff his earned overtime
   wages as well as final compensation due him upon the termination of his employment.

**Jurisdiction and Venue**

4. This Court has jurisdiction over the Plaintiff's overtime claims under the FLSA pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the Plaintiff's State claims pursuant to 28 U.S.C. § 1337.

6. Venue is properly placed in this district because the facts and events giving rise to the Plaintiff's claims occurred in this judicial district.

**Facts Common to All Counts**

7. At all times relevant to the allegations set forth herein, Suburban Press was an Illinois corporation, licensed to conduct business in the State of Illinois by the Illinois Secretary of State and maintained a place of business in Arlington Heights, Illinois.

8. At all times relevant to the allegations set forth herein, McGrath resided in and was domiciled in this judicial district.

9. At all times relevant to the allegations set forth herein, Chatman resided in and was domiciled in this judicial district.

10. At all times relevant to the allegations set forth herein, McGrath served as the President of Suburban Press and was involved in the day to day business operations of Suburban Press and had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business' checking and payroll accounts, and (4) participate and direct decisions regarding employee compensation and capital expenditures.

11. At all times relevant to the allegations set forth herein, Plaintiff was a "employee" of Defendant as defined by the FLSA (29 U.S.C. § 203 (d).

12. At all times relevant to the allegations set forth herein, Plaintiff was a "employee" of Defendant as defined by the IMWL (820 ILCS § 105/3 (d).

13. At all times relevant to the allegations set forth herein, Plaintiff was a "employee" of Defendant as defined by the IWPCA (820 ILCS § 115/2.

14. At all times relevant to the allegations set forth herein, Suburban was an "enterprise" as defined by the FLSA, 29 U.S.C. §203( r)(l).

15. At all times relevant to the allegations set forth herein, Suburban was engaged in commerce or in production of goods for commerce within the meaning of 29 U.S.C. § 203 (s) (1).

16. Suburban had annual gross sales of $500,000 or more during the last three (3) years.

17. At all times relevant to the allegations set forth herein, Defendants were Plaintiff's "employer" under the terms of the FLSA.

18. At all times relevant to the allegations set forth herein, Defendants were Plaintiff's "employer" under the terms of the IMWL. IN accordance with the IMWL, an employer is also defined as : any officer of a corporation or agents of the employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be employers of the employees of the corporation." and therefore McGrath is an employer under the IMWL because he knowingly permitted violation of the IMWL.

19. At all times relevant to the allegations set forth herein, Defendants were Plaintiff's "employer" under the terms of the IWPCA. Pursuant to the IWPCA, the definition of an "employer" includes "any individual, partnership, association, corporation, business trust… or any other person or group of persons acting directly or indirectly in the interest of any employer in relation to any employee…" (820 ILCS §115/2).

20. Chatman worked for the Defendants from approximately May 2005 until April 2016.

21. Chatman was not an "exempt" employee under the FLSA or the IMWL.

22. Chatman's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

23. While working for the Defendants, Chatman was paid an hourly wage of $25.50 per hour.

24. While working for the Defendants, Chatman worked in excess of 40 hours in a single workweek.

25. While working for the Defendants, Chatman was not compensated for hours worked in excess of 40 in a single workweek.

26. While working for Defendants, Chatman was not paid all his compensation due him upon termination of his employment.

## COUNT 1 – VIOLATION OF THE FLSA

27. Plaintiff incorporates and restates Paragraphs 1 through 26 as if fully set forth herein.

28. The FLSA requires employers to pay its employees one and one half times their regular rate of pay for each hour worked in excess of forty (40) in a single work week.

29. Plaintiff was directed to work over forty (40) hours per week by the Defendants.

30. Throughout the course of his employment, Chatman did work over forty (40) hours in one or more individual work weeks.

31. During the pay period from February 18, 2016 and ending on March 2, 2016, Chatman worked in excess of forth (40) hours in a single workweek.

32. Attached hereto and incorporated herein as "Exhibit 1" is a true and accurate copy of Chatman's paystub from the Defendants verifying that he worked over forty (40) hours in a single workweek.

33. Defendants did not pay Chatman overtime at a rate of time and one half times his regular rate of pay for any hours worked over forty (40) as required by the FLSA.

34. During the pay period from March 31, 2016 and ending on April 7, 2016, Chatman worked in excess of forty (40) hours in a single work week.

35. Attached hereto and incorporated herein as "Exhibit 2" is a true and accurate copy of Chatman's hourly time records for the above mentioned period verifying that he worked over forty (40) hours in the time period described.

36. Defendants did not pay Chatman overtime at a rate of one and a half times his regular rate of pay for hours worked over forty (40) in the workweek described above as required by the FLSA.

37. Defendants failure to pay Chatman his overtime wages violated the FLSA.

38. Defendants' failure to pay Chatman his overtime wages was intentional and knowing and a willful violation of the FLSA.

39. Chatman is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff Mike Chatman, respectfully requests that this Court enter judgment against Defendant Suburban Press, Inc., and Gary McGrath, jointly and severally as follows:

    A. Enter a judgement in the amount of all unpaid overtime wages representing hours worked in excess of forty (40) in a single workweek at a rate of one and one half times Chatman's regular rate of pay;

B.   Enter a judgment as liquidated damages in the amount of all unpaid overtime wages representing hours worked in excess of forty (40) in a single workweek at a rate of one and one half times Chatman's regular rate of pay;

C.   Declare that the Defendants to be in violation of the FLSA.

D.   Enjoin the Defendants from further violations of the FLSA;

E.   Awarding reasonable attorney's fees and costs; and

F.   Grant such other further or alternative relief as this Court deems just and appropriate.

## <u>COUNT 2 VIOLATION OF THE IMWL</u>

39. Plaintiff incorporates and restates Paragraphs 1 through 26 as if fully set forth herein.

40. This Count arises from Defendants' willful failure to pay Chatman his earned overtime wages in violation of the IMWL (820 ILCS § 105/1 *et seq*.

41. The IMWL requires employers to pay its employees one and one half times their regular rate of pay for each hour worked in excess of forty (40) in a single work week.

42. Plaintiff was directed to work over forty (40) hours per week by the Defendants.

43. Throughout the course of his employment, Chatman did work over forty (40) hours in one or more individual work weeks.

44. During the pay period from February 18, 2016 and ending on March 2, 2016, Chatman worked in excess of forth (40) hours in a single workweek.

45. Attached hereto and incorporated herein as "Exhibit 1" is a true and accurate copy of Chatman's paystub from the Defendants verifying that he worked over forty (40) hours in a single workweek.

46. Defendants did not pay Chatman overtime at a rate of time and one half times his regular rate of pay for any hours worked over forty (40) as required by the IMWL.

47. During the pay period from March 31, 2016 and ending on April 7, 2016, Chatman worked in excess of forty (40) hours in a single work week.

48. Attached hereto and incorporated herein as "Exhibit 2" is a true and accurate copy of Chatman's hourly time records for the above mentioned period verifying that he worked over forty (40) hours in the time period described.

49. Defendants did not pay Chatman overtime at a rate of one and a half times his regular rate of pay for hours worked over forty (40) in the workweek described above as required by the IMWL.

50. Defendants' failure to pay Chatman his overtime wages violated the IMWL.

51. Defendants' failure to pay Chatman his overtime wages was intentional and knowing and a willful violation of the IMWL.

52. Chatman is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff Mike Chatman, respectfully requests that this Court enter judgment against Defendant Suburban Press, Inc., and Gary McGrath, jointly and severally as follows:

A. Enter a judgement in the amount of all unpaid overtime wages representing hours worked in excess of forty (40) in a single workweek at a rate of one and one half times Chatman's regular rate of pay;

B. Enter a judgment as liquidated damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Award prejudgment interest on the unpaid back wages as provided by the IMWL;

D. Declare that the Defendants to be in violation of the IMWL.

E. Enjoin the Defendants from further violations of the IMWL;

F. Awarding reasonable attorney's fees and costs; and

G. Grant such other further or alternative relief as this Court deems just and appropriate.

## Count 3 – VIOLATION OF THE IWPCA

53. Plaintiff incorporates and restates Paragraphs 1 through 52 as if fully set forth herein.

54. At all times relevant hereto, there was/is in effect a certain statute known as the Illinois Wage Payment and Collection Act "(IWPCA"), 820 ILCS § 115/1 et seq.

55. Pursuant to the IWPCA, the definition of an "employer" includes "any individual, partnership, association, corporation, business trust… or any other person or group of persons acting directly or indirectly in the interest of any employer in relation to any employee…" (820 ILCS §115/2)

56. At all times relevant hereto, Suburban was an "employer" legally responsible for the payment of all wages and final compensation to separated employees under the IWPCA.

57. At all times relevant hereto, McGrath was an "employer" legally responsible for the payment of all wages and final compensation to separated employees under the IWPCA in that he directed and personally participated and managed the actions complained of herein on behalf of Suburban.

58. At all times relevant hereto, Chatman was an "employee" as defined by the IWPCA (820 ILCS §115/2).

59. Chatman worked for the Defendants from approximately May 2005 until April 2016.

60. Section 5 of the IWPCA provides that:

"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request."

61. During the pay period from March 31, 2016 and ending on April 7, 2016, Chatman worked for the Defendants for a total of 44.71 hours.

62. Attached hereto and incorporated herein as "Exhibit 2" is a true and accurate copy of Chatman's hourly time records for the above mentioned period verifying that he worked during the time period described.

63. Defendants did not pay Chatman for any of the work performed by him during the week of March 31, 2016 through April 7, 2016.

64. Chatman terminated his employment with the Defendants on or about April 7, 2016.

65. At the time of his termination, Chatman was owed earned wages from the Defendants.

66. The Defendants have refused to pay Chatman any of his final wages due in violation of the IWPCA.

67. Defendants' failure to pay Chatman his final wages was intentional and knowing and a willful violation of the IWPCA.

WHEREFORE, Plaintiff Mike Chatman, respectfully requests that this Court enter judgment against Defendant Suburban Press, Inc., and Gary McGrath, jointly and severally as follows:

A.  A declaratory judgment that Suburban and McGrath, jointly and severally violated the IWPCA as to Plaintiff;

B.  A declaratory judgment that each Defendant's violations of the IWPCA were willful;

C.  A Judgment to Plaintiffs and the class in the amount of unpaid final wages;

D.  Statutory interest and other penalties as provided in the IWPCA;

E.  Reasonable attorney's fees and costs;

F.  A judgment to Plaintiff of prejudgment interest as provided by statute;

G.  Such other and further relief as the Court deems necessary and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all questions of fact raised by this Complaint.


Date:  September 19, 2017


                                Respectfully Submitted,

                                Mike Chatman, Plaintiff


                                By: /s/ William P. Boznos
                                One of his Attorneys


William P. Boznos (bill@boznoslawoffice.com)
Boznos Law Office, P.C.
Attorneys for Plaintiff
1700 Park Street
Suite 1700
Naperville, Il 60565
(630) 375-1958

## Suburban Press, Inc.

43569

| Employee | | | | |
|---|---|---|---|---|
| Mike A Chatman, 485 Washington Street, Wood Dale, IL 60191 | | | | |

| | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| | | | ***-**-7440 | Single/Withhold | Fed-1/0/IL-1/0 |
| | | | Pay Period: 02/04/2016 - 02/17/2016 | | Pay Date: 02/22/2016 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Regular - Hourly | 80.00 | 25.50 | 2,040.00 | 7,105.13 |

| Deductions From Gross | Current | YTD Amount |
|---|---|---|
| Health Insurance | -166.18 | -664.72 |
| Dental Insurance | -20.46 | -81.84 |
| 401(K) | -10.00 | -40.00 |
| | -196.64 | -786.56 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -238.00 | -767.00 |
| Social Security Employee | -114.91 | -394.42 |
| Medicare Employee | -26.87 | -92.24 |
| IL - Withholding | -65.99 | -224.52 |
| | -445.77 | -1,468.18 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Roth 401(k) | -10.00 | -40.00 |

| Net Pay | 1,387.59 | 4,813.39 |
|---|---|---|

Suburban Press, Inc., 3650 N. Wilke Road, Arlington Heights, IL 60004

Powered by Intuit Payroll

## Suburban Press, Inc.

43773

| Employee | | | | |
|---|---|---|---|---|
| Mike A Chatman, 485 Washington Street, Wood Dale, IL 60191 | | | | |

| | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| | | | ***-**-7440 | Single/Withhold | Fed-1/0/IL-1/0 |
| | | | Pay Period: 02/18/2016 - 03/02/2016 | | Pay Date: 03/07/2016 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Regular - Hourly | 82.00 | 25.50 | 2,091.00 | 9,196.13 |

| Deductions From Gross | Current | YTD Amount |
|---|---|---|
| Health Insurance | -166.18 | -830.90 |
| Dental Insurance | -20.46 | -102.30 |
| 401(K) | -10.00 | -50.00 |
| | -196.64 | -983.20 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -250.00 | -1,007.00 |
| Social Security Employee | -118.07 | -512.49 |
| Medicare Employee | -27.62 | -119.86 |
| IL - Withholding | -67.90 | -292.42 |
| | -463.59 | -1,931.77 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Roth 401(k) | -10.00 | -50.00 |

| Net Pay | 1,420.77 | 6,234.16 |
|---|---|---|

Suburban Press, Inc., 3650 N. Wilke Road, Arlington Heights, IL 60004

Powered by Intuit Payroll

## Suburban Press, Inc.

43764

| Employee | | | | |
|---|---|---|---|---|
| Mike A Chatman, 485 Washington Street, Wood Dale, IL 60191 | | | | |

| | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|
| | | | ***-**-7440 | Single/Withhold | Fed-1/0/IL-1/0 |
| | | | Pay Period: 03/03/2016 - 03/16/2016 | | Pay Date: 03/21/2016 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Regular - Hourly | 73.00 | 25.50 | 1,861.50 | 11,060.63 |

| Deductions From Gross | Current | YTD Amount |
|---|---|---|
| Health Insurance | -166.18 | -997.08 |
| Dental Insurance | -20.46 | -122.76 |
| 401(K) | -10.00 | -60.00 |
| | -196.64 | -1,179.84 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -196.00 | -1,203.00 |
| Social Security Employee | -103.84 | -616.33 |
| Medicare Employee | -24.28 | -144.14 |
| IL - Withholding | -59.30 | -351.72 |
| | -383.42 | -2,315.19 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Roth 401(k) | -10.00 | -60.00 |

| Net Pay | 1,271.44 | 7,505.60 |
|---|---|---|

EXHIBIT

| Start time | End time | Hours | Income | First Check-In | Last Check-Out |
|---|---|---|---|---|---|
| 04-07-2016 | 04-07-2016 | 7.41 | 74.15 | 04-07-2016 06:00:38 | 04-07-2016 16:15:00 |
| 04-06-2016 | 04-06-2016 | 7.57 | 75.66 | 04-06-2016 08:01:57 | 04-06-2016 16:23:00 |
| 04-05-2016 | 04-05-2016 | 7.85 | 78.51 | 04-05-2016 08:00:46 | 04-05-2016 16:38:23 |
| 04-04-2016 | 04-04-2016 | 7.30 | 73.05 | 04-04-2016 08:02:35 | 04-04-2016 16:08:08 |
| 04-01-2016 | 04-01-2016 | 7.70 | 77.02 | 04-01-2016 08:02:01 | 04-01-2016 16:29:12 |
| 03-31-2016 | 03-31-2016 | 6.88 | 68.77 | 03-31-2016 08:02:19 | 03-31-2016 15:43:03 |

44.71

Total Hours
Worked

